*Michael Dousman vs Adam D. Steuart*    Filed
June 1. 1835

Territory of Michigan, County of Wayne to wit
Circuit Court  January Term in the year of our Lord one thousand eight hundred & thirty three

574

*Michael Douseman vs* |     Be it remembered that on Thursday the seventeenth
*Adam D Steuart*   |     day of January, during the Term aforesaid of said Court, the issue in said case, so, (as by the declaration & pleadings before said Court of record remaining appears;) joined, between the said parties, came to be tried by the special Jury in said case "struck", according to the form of the statute, the names of sixteen of said Jurors having been returned by the Sheriff to whom the venire is directed as having been duly sommoned &c. as by said statute is provided: —Whereupon, & before the empannelling of said Jurors,—and as they were severally being called to the Book to be sworn; —and Tunis Wendell one of the Jurors so as aforesaid summoned being called, & appearing, was about to be sworn according to the form of the Statute, as one of the Jury to try said issue, whereupon the said plaintiff, by his attorney aforesaid, before the said Tunis was sworn, objected to his being empannelled upon said Jury to try said issue, and challenged the said Tunis peremptorily   whereupon the Hon. George Morell & the hon. Ross Wilkins did then & there declare & decide that the said challenge of said Tunis, by said Plaintiff was not competent, & ought not to be allowed, and did then & there overrule & reject the same.

—— And thereupon afterwards, & after the empannelling of the Jury in said case, the Plaintiff by his said attornies, in order to maintain & prove said issue, on the part of said Plaintiff, gave in evidence to said Jury & proved the certain note & paper writing in said declaration mentioned, & duly proved the signing & delivery thereof by the said Defendant, whereby the said Defendant then & there, for the consideration in said declaration mentioned, promised to pay to the order of said Plaintiff the said money in the Count of said declaration mentioned. —And further to establish & prove said issue said Plaintiff further proved & gave in evidence to said Jury, a certain other paper writing, written, signed & delivered by said Defendant, in the words & figures following, that is to say

"Mackinac 27 July 1819   Rec^d of Mr. Michael Douseman $2000. on acct. of Cattle contract wth. R Dickson Esq for the Earl of Selkirk transferred to me this day" (signed) Adam D Steuart" —which said sum of $2000 in said paper writing mentioned it was then & there admitted by both said plaintiff & defendant, to be the same sum of money which was agreed to be paid, by said Robert Dickson, acting as agent for the said Earl of Selkirk, in & by & in pursuance of said "Cattle contract," made by said Dickson with said plaintiff & transferred as aforesaid to said Defendant; and which sum was paid in execution of said contract by Draft drawn by the said Dickson on Maitland Garden & Auldjo   Montreal the said draft having been negotiated by said plaintiff to said Defendant on the day of the date of said paper writing   And thereupon the said Plaintiff, for the time, rested his case. Whereupon afterwards, to wit at the time aforesaid, the said Defendant moved & tendered to introduce a certain witness at the stand, for the purpose of proving that the said contract for cattle &c in said declaration, note & receipt mentioned, was entered into by & between said Robert Dickson (in said paper writing mentioned) & said Michael Douseman, without authority from & by said Earl of Selkirk in said papers mentioned;—& that therein & thereby said Robert greatly exceeded his authority, & had & possessed no valid authority of & from said Earl of Selkirk so to enter into & conclude said contract; and that said Michael knew that said Robert had no such authority from said Earl of Selkirk so as aforesaid to contract; & that therefore said contract was fraudulent & void: — To which said Plaintiff then & there objected;—& insisted to & before said Court, that it was not competent for said Defendant to introduce, & give in evidence any testimony whatever, for the

purpose of showing & establishing the matters aforesaid until he, said Defendant had first shown & established, that said two thousand dollars in said paper writing & receipt of said Defendant mentioned had been returned to said Plaintiff or tendered to him, & in like manner returned or tendered to said Plaintiff said Cattle contract & in all things in the premises placed the said plaintiff in the same relative condition he was in at & before the time of said transfer— and that it was not competent for said Defendant to treat said contract as null until he had first returned or tendered to said Plaintiff the money &c which he had received under colour of it: But the said Court, to wit the Hon. the Judges aforesaid, thereupon, then & there declared & decided that it was competent for the said Defendant to introduce said witness, & to exhibit evidence in the premises, for the purpose aforesaid, of proving that said Robert Dickson was not duly authorized to make & conclude said supposed contract with said Plaintiff as agent as aforesaid of said Earl of Silkirk; without proving a return or tender to said plaintiff of said money or of said assigned contract &c.    whereupon the said Defendant caused the said Witness to be sworn to testify &c., and he did testify in the premises; & in the course of his examination said witness exhibited to said Court & tendered as testimony a certain paper writing, which he stated he had received in a letter from his, (said witness') correspondent in Montreal, who was also the agent of the said Earl of Selkirk & in which letter said paper writing is represented to have been a copy of a letter, which said witness' correspendent, (as in said letter it is pretended) had received from said Earl of Selkirk — and which said copy of said letter, it was represented by Defendant's counsel, was a document containing instructions from the Earl of Selkirk to his said agent enclosed to the brother of the witness, relating to the procurement of a contract for the delivery of cattle from the said plaintiff, the said copy of said (supposed) instructions being the same under which Witness acted, the same copy which he exhibited to the said plaintiff & containing in substance the same matters which as witness deposed he has heard the Earl of Selkirk in person give in charge to his the said Witness' brother: —— To the introduction of which said supposed copy of said supposed letter, the said plaintiff objected; for that the genuineness of said supposed letter, from said Earl of Selkirk, & its authenticity, & the truth of the copy of said supposed letter, so tendered & offered, were in no wise proved nor established —And that it was not competent so to introduce the same paper writing in evidence, until proof touching the verity of said supposed copy & the genuineness & authenticity of said supposed letter from said Earl of Selkirk had been first introduced for the purpose of proving the things aforesaid and also, because, as said plaintiff insisted, said paper writing was irrelevant & incompetent: —— But the said Court, to Wit the Hon. the Judges aforesaid, then & there declared and decided, that the said paper writing, without further proof be introduced in evidence, & do go to the Jury upon the trial of said issue; whereupon the said paper writing was read in the trial aforesaid as evidence to & for said Jury.

—— And afterwards, & after said Defendant had introduced sundry paper writings as evidence in said case the said Defendant rested his defence: — whereupon the said plaintiff introduced in evidence in said case sundry paper writings for the purpose of showing that the said Defendant had delivered said cattle, which had been received upon & under said contract, & that he said defendant, had also received the prices therefor, by said contract stipulated & provided; & having again rested his case: — the said defendant again tendered further evidence for the purpose of rebutting the testimony so as aforesaid introduced by said plaintiff, & particularly the parts following of a certain deposition taken in said case, of one Samuel

Gale, in the words following, that is to say,—"I was of counsel for the late Lord "Selkirk from eighteen hundred & sixteen, or before that time, until his death, and "since that period I have been of counsel for his heirs executors & representatives. "——I was requested on behalf of Lord Selkirk's estate, that is, as near as my "memory serves me by Lady Selkirk his widow, by some of those who are his Execu- "tors, Mr. Coleville his brother in law, & by the late Mr. Garden, one of his agents, "to examine & adjust a claim of the said Stewart against the said Lord Selkirk's "estate for cattle delivered at Red River in consequence of an agreement repre- "sented to have been made by the late Col. Robert Dickson with the said Michael "Douseman.     —— "The said Stewart however was considered an innocent suf- "ferer, and out of personal & equitable considerations towards him, and not because "the debt was considered justly due or recoverable by law, terms were offered to "him, much more favourable than would, as I beleive, have been granted or advised "to be granted, had Douseman been the claimant." (3$^d$ Inter$^y$) —— "The said "Steuart did urge a claim upon said estate in consequence, as alleged, of his purchase "& fulfilment of a certain contract made between said Robert Dickson as agent for "the Earl of Selkirk, & said Michael Douseman. The said claim in virtue of said "contract was not sanctioned or recognized as just by the Executors or agents for "the said Estate as far as I knew & beleive, and I was of counsel for them, & beleive "them to have been chiefly guided by my advice

4 In$^y$.) ——"It was settled, to the best of my recollection & beleif that a sum of two "thousand & eighty five pounds thirteen shillings Hallifax currency, should be paid "to the said Steuart for the cattle, & his merits & exertions in procuring & causing "them to be delivered, & this sum was paid to him as I beleive, about the month of "November eighteen hundred & twenty three:— But certainly by way of com- "promise, & in consideration of the said Steuart's exertions, for, as the advising "counsel, I did not conceive that a legal claim could be established for such amount. (5th In$^y$) — By my minutes, it would appear that the said Steuart did prefer a claim "for horses at the same time to the amount of twelve hundred & twenty four dollars "& ninety three cents, & such I beleive to be the fact:  And I beleive that this "amount was not paid, but refused. The refusal I beleive was upon the ground that "the purchase of horses was a wanton & unwarranted expense & deviation from the "instructions given to the said Dickson & known to said Douseman at the time of "making the contract."

6. In$^y$-    "The monies paid on behalf of the Earl of Selkirk to the defendant "Steuart, were by me advised to be paid and were as I beleive so paid in consequence "of the said defendant having delivered property at one of the Posts of the Earl of "Selkirk; — & such payment was by me advised to be made, & was made as I "beleive, on account of the value of the said property & said Steuart's exertions "without admitting any validity in Douseman's contract, and because the said "Steuart was considered an innocent & suffering party in the transaction."

—— Whereupon the said plaintiff objected to the introduction of said parts of said deposition, as incompetent, immaterial & irrelevant;— & as a further reason against the admissability thereof, & of the parts thereof herein above recited, the said plain- tiff tendered to read another part of said deposition, to wit the answer of said depo- nent to the 5th cross interrogatory, in the words following to wit.——     "I am "unable to state the precise contents of the release given by said Steuart, on the "payment of the money before alluded to, in the third cross interrogatory, but I "beleive it to have imported a receipt in full of all claims & demands which could be "pretended against the estate or representatives of the late Earl of Selkirk, as well

"as against Andrew Coleville Esquire, by reason of the articles of agreement in this "interrogatory mentioned, or by reason of any letters or writings, written or signed "by the said Andrew Coleville—— I have not found, nor do I know that I have any "writing which I can state to be a copy of that receipt or release." —— But the Court, to wit the Hon. Judges aforesaid declared, & then & there decided that the said objections of said Plaintiff, &, the said above recited answer of the said Deponent to the fifth cross interrogatory, to the contrary notwithstanding, the said tendered parts of said deposition of said Samuel Gale, should be, & they were accordingly, admitted as competent testimony upon the trial of & under the issue aforesaid: ——

—— And the said plaintiff by his attorneys aforesaid did then & there except to the aforesaid & above recited decisions of said Court, in the matters aforesaid as the same are herein before set forth and detailed & insisted as aforesaid that the said several & recited matters were not competent to be admitted as aforesaid as evidence in said case for the purposes aforesaid and in the circumstances aforesaid: —— And inasmuch as the said several matters do not fully appear by the record in the premises, the said Attonies did then & there propose their exceptions to the said opinions & decisions of said Judges, & requested the said Hon. Judges to put their seals to the Bill of exceptions containing said several matters:——and for the better exposition of the matters aforesaid relative to the said deposition of said Samuel Gale, & to all & singular the premises, they request also that the third— fourth— fifth & sixth Interrogatories, & the fifth cross Interrogatory administered & propounded to said Samuel, as the same appear to the Court here, written & returned, as also the cattle Contract (so called) or a copy thereof entered into as aforesaid by said Robert Dickson agent as aforesaid & the said Plaintiff, being the same document which is alluded to in said note & in said receipt &c herein above described, be hereto also subjoined making part & parcel hereof— which is accordingly so ordered

And thereupon the said Judges did put their seals respectively to this Bill of Exceptions &c as of the day herein first above written, according to the provisions of the Statute in such case made & provided

<div align="right">

Geo. Morell    [SEAL]
Ross Wilkins    [SEAL]